ARMSTRONG, Judge.
Defendant entered pleas of guilty to (1) distribution of marijuana, a violation of La. R.S. 40:966, in Case No. 344-493, and (2) possession of marijuana with intent to distribute, also a violation of La.R.S. 40:966, in Case No. 348-325. Defendant was sentenced to serve six years at hard labor in each case. The court suspended both sentences and placed defendant on active probation for three years in each case. Defendant was also ordered in each case to serve ten months in Orleans Parish Prison and pay court costs. The sentences are to run concurrently.
The State subsequently filed a motion with the district court to correct what it claimed were illegal sentences. The motion was denied by the trial court and the State now seeks writs of certiorari and prohibition based upon that ruling.
*3 The State maintains that the trial court could not legally suspend the sentences under La.C.Cr.P. art. 893 because defendant has been previously convicted of two felony offenses.
La.C.Cr.P. art. 893 provides in part:
(A) When it appears that the best interest of the public and of the defendant will be served, the court after a first or second conviction of a noncapital felony, may suspend, in whole or in part, the imposition or execution of either or both sentences, where suspension is allowed under the law, and in either or both cases place the defendant on probation under the supervison of the division of probation and parole. The court shall not suspend the sentence of a second conviction unless the court finds that such offense did not involve the use of a dangerous weapon by the defendant, the offense occurred at least five years after the date of first conviction, and the defendant was not charged with any other felony since the date of first conviction. ...
B. The court under the same conditions and by the same procedure as provided for [in Subsection (A)] may suspend the execution or imposition of the sentence of a multiple offender who has been convicted, in the instant offense, of a violation of the Controlled Dangerous Substances Law of Louisiana, other than the production, manufacture, distribution, or dispensing, or possession with intent to produce, manufacture, distribute or dispense, or the attempt to produce, manufacture, distribute or dispense, or the attempt to possess with intent to produce, manufacture, distribute, or dispense, a controlled dangerous substance, ....
(footnote omitted) (emphasis added)
Subsection (B) of La.C.Cr.P. art. 893 applies to this case. Under Subsection (B), a trial court has no authority to suspend the sentence of a defendant with at least one prior felony conviction who has been convicted, in the instant offense, of distribution or possession with intent to distribute marijuana. Therefore, even if defendant had only one prior felony conviction, he would not be eligible for a suspended sentence on either of the instant offenses for which he was convicted. Moreover, because defendant has two prior felony convictions, under the specific conditions set out in Subsection (A), by reference, he is not eligible for a suspended sentence on either of the felony convictions, his third and fourth, on the instant offenses.
For the foregoing reasons, we grant relator’s writ, vacate the sentences imposed in Case Nos. 344-493 and 348-325, and remand the cases for resentencing in accordance with the views expressed herein.
WRIT GRANTED.